# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Vashon Renee McIntyre, and on behalf of S.B.M., | ) ) ) | CASE NO. 1:18 CV 1893 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) ) | |
| Marcia Brown, et al., | ) ) | **Memorandum of Opinion and Order** |
| Defendants. | ) ) | |

    This matter is before the Court on the complaint of Vashon Renee McIntyre ("McIntyre" or "plaintiff"), brought on behalf of herself and her minor child, S.B.M., against defendants: Marcia Brown; Motorist Insurance Group and Motorist Mutual Insurance Company ("Motorist defendants"); Cleveland Heights University Heights Public Library and Cleveland Heights University Heights Public Library Annex West Building Parking Lot ("Library defendants"); Cleveland Heights and Cleveland Heights Police Department ("Cleveland Heights defendants"); City of Warrensville Heights Police Department; City of Shaker Heights; St. Vincent Charity Medical Center; and Kelly Janeen McIntyre, Calvin McIntyre, and Sherry Ann McIntyre. Dispositive motions have been filed by several defendants, as detailed below. For the reasons that follow, this case is dismissed.

**BACKGROUND**

    **Factual**

McIntyre alleges that on August 15, 2016, defendant Marcia Brown backed her vehicle into McIntyre's vehicle in the Cleveland Heights library annex parking lot, and patrol officer Douglas Evans took a private property accident report. At the time, McIntyre was four months pregnant with S.B.M. McIntyre claims that the library staff and security failed to properly document the accident and to provide her with a copy of the accident report. Doc. 1, ¶¶ 1, 4, 5.

The impact of the collision caused McIntyre's body to jerk forward. *Id.* ¶ 2. McIntyre alleges that she and S.B.M. sustained physical, financial, emotional, defamatory, and mental anguish injuries as a result of the accident. *Id.* ¶¶ 3, 7, 8, 10, 12, 13. McIntyre maintains that she was "falsely admitted into St. Vincent Charity Medical Center Psychiatric Triage by conspiracy[,]" and family members Calvin, Sherry, and Kelly McIntyre "attempted to receive insurance proceeds" from the accident, causing McIntyre and S.B.M. extreme emotional stress and mental anguish. *Id.* ¶ 9. McIntyre gave birth to S.B.M. in New York on February 10, 2017. *Id.* ¶ 12.

Based upon these factual allegations, McIntyre asserts the following legal claims against "Defendants": intentional infliction of emotional distress, defamation, libel, slander, child endangerment, "civil rights," and violations of 18 U.S.C. § 241, 42 U.S.C. § 1983, 18 U.S.C. § 3283, and 18 U.S.C. § 1169. *Id.* ¶ 13. McIntyre seeks damages in the amount of $100,000.00 against each defendant. *Id.* ¶ A.

**Procedural**

The docket does not indicate that Sherry Ann McIntyre has been served with the complaint. Kelly McIntyre and Calvin McIntyre, and the City of Warrensville Heights Police Department, have been served (Docs. 13, 16, respectively), but have not filed responsive pleadings. Marcia Brown answered the complaint (Doc. 18) but did not file a dispositive motion.

The Motorist defendants (Doc. 19), Cleveland Heights defendants (Doc. 8), St. Vincent Charity Medical Center (Doc. 9), and the City of Shaker Heights (Doc. 17) filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Library defendants filed both an answer (Doc. 7) and a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. 21). McIntyre has not responded to any of the dispositive motions.

## STANDARD OF REVIEW

### Fed. R. Civ. P. 12(b)(6) and 12(c)

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 335 F. App'x 587, 588 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)). That said, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The Court is not required to accept as true legal conclusions or unwarranted factual inferences. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.

1997) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint that merely offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.,* 515 F. App'x 419, 423 (6th Cir. 2013) (citing *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001)).

### *Apple v. Glenn* **Review**

With respect to McIntyre's claims against defendants who have not filed a dispositive motion, the Court is permitted to conduct a limited screening and to dismiss, *sua sponte*, a fee-paid complaint if it appears that the allegations are so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition

-4-

that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)). "*Tingler*'*s* requirement that a plaintiff be given the opportunity to amend does not apply to *sua sponte* dismissals for lack of jurisdiction pursuant to *Hagans*." *Id.* (citing *Tingler v*. *Marshall,* 716 F.2d 1109, 1111 (6th Cir. 1983)).

### *Pro se* **Pleadings**

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

## **DISCUSSION**

### **S.B.M.'s Claims are Dismissed**

McIntyre alleges that she and S.B.M. were previously represented by counsel (Doc. 1, ¶ 11), but are proceeding *pro se* in this action. McIntyre purports to represent herself and her minor child, S.B.M.. While 28 U.S.C. § 1654 permits a person to represent herself in a case, the statute does not authorize a person to appear *pro se* on behalf of another. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998)). "The law is well settled that a parent may not represent the interests of a minor child *pro se* because a minor's personal cause of action is her own." *Thompson v. Mohammed*, No. 13-CV-12388, 2013 WL 4747537, at *1 (E.D. Mich. Sept. 4, 2013) (citing *Shepherd*, 313 F.3d at 970).

McIntyre's claims appear to be virtually identical to S.B.M.'s claims, but McIntyre, who is proceeding *pro se*, cannot assert claims on behalf of S.B.M. Accordingly, the claims asserted by McIntyre on behalf of S.B.M. are dismissed without prejudice.[1] See *Jones v. Child Protective Servs.*, Civil Action No. 3:08CV-73-S, 2008 WL 2559247, at *2 (W.D. Ky. June 24, 2008) (dismissing without prejudice claims of minor children asserted by *pro se* parent) (citing among authority *Shepherd*, 313 F.3d at 970).

**Federal Claims**

McIntyre asserts both federal and state law claims. The federal claims are brought pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, McIntyre must show that "'(1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right.'" *Robinson v. Twp. of Redford,* 48 F. App'x 925, 927 (6th Cir. 2002) (quoting *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (further citation omitted)). To act "under color of state law," a person must be a state or local government official or employee.[2]

Section 1983 does not create any independent federal rights. Rather, "it is a vehicle by which plaintiffs can assert claims based upon federal rights created by other statutes." *Lausin ex rel. Lausin v. Bishko*, 727 F. Supp. 2d 610, 625 (N.D. Ohio 2010) (citing *Blessing v. Freestone,* 520 U.S. 329, 340 (1997)). McIntyre identifies "civil rights" and 18 U.S.C. §§ 241, 3283 and 1169 as the basis for her § 1983 claim. Doc. 1, ¶ 13.

---

[1] Defendant City of Shaker Heights (Doc 17) and the Library defendants (Doc. 21) moved to dismiss S.B.M.'s claims for the reason that McIntyre, proceeding *pro se*, cannot represent her minor child.

[2] A private party may be found to have acted under color of state law when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).

**McIntyre's claims concerning 18 U.S.C. §§ 241, 1169 and 3283 are dismissed as to all defendants**

Without regard as to whether defendants were acting under color of state law, McIntyre has not been deprived of a federal right with respect to her claims under 18 U.S.C. §§ 241, 3283 and 1169. These federal statutes are criminal statutes, and a private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts."[3] *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing among authority *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986)); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.") (citing *U.S. v. Nixon*, 418 U.S. 683, 693 (1974)). "Because a private citizen lacks a judicially cognizable interest in the criminal prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), a civil plaintiff has no standing to assert a claim arising under a criminal statute." *Miles v. Bottom*, No. 5: 15-CV-126-JMH, 2016 WL 2344222, at *4 (E.D. Ky. May 3, 2016) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)).

McIntyre has no private right of action and lacks standing to initiate a civil action pursuant to 18 U.S.C. §§ 241, 1169 and 3283. The Court lacks jurisdiction over McIntyre's §

---

[3] *See Profit v. City of Shaker Heights*, No. 1:18CV1223, 2019 WL 315092, at *2 (N.D. Ohio Jan. 23, 2019) (18 U.S.C. § 241 is a criminal statute that provides not cause of action to civil plaintiffs) (collecting cases and citing among authority *U.S. v. Oguaju,* No. 02-2485, 76 F. App'x 579, 2003 WL 21580657, at *2 (6th Cir. July 9, 2003)); *Hao Liu v. City of Allen*, Civil Action No. 4:17-CV-00874-ALM-CAN, 2018 WL 2144363, at *4 (E.D. Tex. Mar. 12, 2018) (plaintiff is not entitled to relief under § 3283 because it is a criminal tolling statute and does not create a private cause of action), *report and recommendation adopted,* No. 4:17-CV-874, 2018 WL 2129451 (E.D. Tex. May 9, 2018); *United States v. Bowens*, 224 F.3d 302, 313 (4th Cir. 2000) (18 U.S.C. § 1169(b) makes it a crime to inhibit or prevent reporting child abuse in Indian country).

1983 claim that the defendants deprived her of her federal rights under 18 U.S.C. §§ 241, 1169 and 3283. Accordingly, these claims are dismissed as to all defendants pursuant to *Apple v. Glenn* or defendants' dispositive motions.[4] *See Cominsky v. F.B.I.*, No. 1:07 CV 1261, 2007 WL 2206606, at *3 (N.D. Ohio May 29, 2007) (dismissing pursuant to *Apple v. Glenn* plaintiff's § 1983 claim against the F.B.I. based upon 18 U.S.C. § 241 and other criminal statutes because plaintiff lacks a private right of action and the court lacks jurisdiction).

**McIntyre's § 1983 claim for deprivation of "civil rights" is dismissed as to all defendants**

The factual allegations in the complaint do not identify the nature of, or the constitutional or statutory basis for, McIntyre's "civil rights" claim. "[I]t is 'well-settled' that civil rights claims 'must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Briscoe v. Jackson*, 285 F. App'x 205, 208 (6th Cir. 2008) (quoting *Fieger v. Cox,* 524 F.3d 770, 776 (6th Cir. 2008) (further citation omitted)). McIntyre asserts her vague claims generically against all "defendants," and "[i]t is not the obligation of the Court to dissect Plaintiff's complaint to divine who Plaintiff believes committed certain actions." *Moore v. Michigan*, No. 1:07-CV-561, 2008 WL 724151, at *9 (W.D. Mich. Mar. 17, 2008) (citing *Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995)). Even liberally construing the complaint, McIntyre's sparse and confusing factual allegations, and conclusory legal assertions against unspecified defendants, do not support a plausible § 1983 civil rights claim upon which relief

---

[4] Defendant St. Vincent Charity Medical Center (Doc 9) and the Library defendants (Doc. 21) moved for dismissal of McIntyre's claim for alleged violations of 18 U.S.C. §§ 241, 1169 and 3283.

may be granted.

McIntyre's § 1983 federal "civil rights" claim is dismissed as to all defendants pursuant to *Apple v. Glenn* or defendants' dispositive motions.

### *Defendant Marcia Brown*

The complaint contains a single factual allegation against defendant Brown – Brown backed her Oldsmobile Cutlass automobile into McIntyre's vehicle on August 15, 2016 in the parking lot of the Cleveland Heights Library annex. Doc. 1, ¶ 1. To sustain a § 1983 claim against Brown, McIntyre is required to establish that Brown acted under color of state law and deprived her of a federal right. There are no factual allegations in the complaint as to Brown with respect to either element of a § 1983 claim. McIntyre's § 1983 civil rights claim against Brown is so implausible, unsubstantial, frivolous, and devoid of merit that the Court is deprived of jurisdiction, and may *sua sponte* dismiss plaintiff's claim against Brown without providing McIntyre with an opportunity to amend the complaint. *Apple*, 183 F.3d at 479. McIntyre's § 1983 civil rights claim against Brown is dismissed.

### *Defendants Sherry Ann McIntyre*, *Kelly McIntyre and Calvin McIntyre*

McIntyre alleges that defendant "family members" Sherry Ann, Kelly, and Calvin McIntyre "attempted to receive insurance proceeds from the accident and car damage[.]" Doc. 1, ¶ 9. There are no allegations in the complaint that support an inference that these family members were acting under color of state law or deprived plaintiff of any federal civil rights. McIntyre's § 1983 civil rights claim against these three defendants is so implausible, unsubstantial, frivolous, and devoid of merit that the Court lacks jurisdiction, and may *sua sponte* dismiss plaintiff's claims against Sherry Ann, Kelly, and Calvin McIntyre without

providing McIntyre an opportunity to amend the complaint. *Apple*, 183 F.3d at 479. McIntyre's § 1983 civil rights claim against Shelly Ann McIntyre, Kelly McIntyre, and Calvin McIntyre is dismissed.

### *Defendant City of Warrensville Heights Police Department*

Defendant City of Warrensville Heights Police Department is listed in the caption of the complaint, but the complaint is devoid of any factual allegations concerning the City of Warrensville Heights or the police department. To the extent that McIntyre is asserting a § 1983 civil rights claim against the City of Warrensville Heights or the police department, the claim is so unsubstantial and frivolous that the Court lacks jurisdiction, and may dismiss this claim without providing McIntyre an opportunity to amend the complaint. *See Dalmayer v. Michigan*, No. 08-12784, 2009 WL 1378322, at *3 (E.D. Mich. May 14, 2009) (dismissing *sua sponte* under *Apple v. Glenn* a § 1983 claim against defendant mentioned only in the caption of the complaint). McIntyre's § 1983 civil rights claim against the City of Warrensville Heights Police Department is dismissed.[5]

### *Defendant City of Shaker Heights*

The City of Shaker Heights moves to dismiss McIntyre's complaint pursuant to Rule 12(b)(6) (Doc.17). Plaintiff has not opposed the motion. Shaker Heights argues that McIntyre fails to state a plausible § 1983 claim against it because the only mention of the City of Shaker Heights is the caption of the complaint – none of the factual allegations in the complaint

---

[5] While recognizing that lack of capacity to be sued is an affirmative defense, the Court notes that city police departments are not sui juris under Ohio law. *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (under Ohio law police departments are not a legal entity capable of being sued for purposes of § 1983) (collecting cases).

mention the City of Shaker Heights or its officials, employees, or agents.

A complaint that merely lists the City of Shaker Heights in the case caption is insufficient to state a plausible claim for relief against this defendant. *See Moore,* 2008 WL 724151, at *9 ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded *pro se* complaints.") (collecting cases). The City of Shaker Heights' Rule 12(b)(6) motion to dismiss McIntyre's § 1983 civil rights claim is granted.

### *The Motorist defendants*

The Motorist defendants move to dismiss this action pursuant to Rule 12(b)(6) (Doc. 19). Plaintiff has not opposed the motion. Like the City of Shaker Heights, the Motorist defendants argue that plaintiff's § 1983 civil rights claims should be dismissed because, aside from being identified as defendants in the case caption, there are no factual allegations in the complaint concerning these defendants, their agents, or employees. The Motorist defendants' Rule 12(b)(6) motion to dismiss plaintiff's § 1983 civil rights claim is granted for the same reasons that the Court granted the motion of the City of Shaker Heights.

### *The Cleveland Heights defendants*

The Cleveland Heights defendants also move to dismiss McIntyre's complaint pursuant to Rule 12(b)(6) (Doc. 8). Plaintiff has not opposed the motion. In support of the motion, the Cleveland Heights defendants argue that the only factual allegation in the complaint concerning them is that a City police officer – Douglas Evans – took the accident report of the parking lot collision between Brown and McIntyre and allegedly failed to provide a copy to McIntyre. Defendants contend that this single allegation of fact, along with McIntyre's vague claim that unspecified "defendants" violated her civil rights, is insufficient to state a plausible claim upon which relief may be granted. The Cleveland Heights defendants also contend that, to the extent that McIntyre alleges a § 1983 municipal liability claim, that claim should be dismissed because she fails to allege a municipal custom or policy that caused the purported civil rights violation.

The Court agrees. McIntyre's single allegation as to Officer Evans does not identify a federal civil right she was deprived of and fails to state a plausible § 1983 civil rights claim. Moreover, the complaint is devoid of any allegation concerning a custom or policy of the City of Cleveland Heights that caused a deprivation of McIntyre's federal civil rights, and she fails to state a plausible claim for municipal liability upon which relief may be granted. *Monistere v. City of Memphis*, 115 F. App'x 845, 850 (6th Cir. 2004) (a municipality is subject to liability under § 1983 only if the claimed injuries were caused by a policy or custom of the municipality) (citing *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978)).

The Cleveland Heights defendants' Rule 12(b)(6) motion to dismiss plaintiff's § 1983 civil rights claim is granted.

### *Defendant St. Vincent Charity Medical Center*

Defendant St. Vincent Charity Medical Center moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9). McIntyre has not opposed the motion. St. Vincent Charity is only mentioned once in the complaint in paragraph 9, where McIntyre alleges that she was "falsely admitted" to St. Vincent Charity Medical Center "by conspiracy" for a psychiatric evaluation. St. Vincent Charity argues that, even liberally construing the complaint, plaintiff's claims are nothing more than conclusory legal assertions that fail to establish the required elements of a claim necessary to obtain relief.

St. Vincent Charity is entitled to judgment on McIntyre's federal civil rights claim. The complaint contains no allegations from which this Court can infer that St. Vincent Charity is a state actor, or deprived McIntyre of a federal civil right. To the extent plaintiff's § 1983 claim against St. Vincent Charity is based upon a conspiracy with a state actor, "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state a [conspiracy] claim under § 1983." *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987) (citing *Jaco v. Bloechle,* 739 F.2d 239, 245 (6th Cir. 1984)).

Plaintiff's vague and conclusory assertions of liability fail to state a plausible § 1983 civil rights, or conspiracy, claim upon which relief may be granted. St. Vincent Charity Medical Center's Rule 12(b)(6) motion to dismiss plaintiff's § 1983 civil rights claim is granted.

*The Library Defendants*

The Library defendants move for judgment on the pleadings pursuant to Rule 12(c) (Doc. 21). Plaintiff has not opposed the motion. McIntyre alleges that the car accident at issue took place in the Library defendants' parking lot, and that the Library defendants' staff and security failed to properly document the incident and provide McIntyre with a copy of the incident report. Doc. 1, ¶¶ 1, 4, 5. The Library defendants argue that plaintiff's § 1983 civil rights claim should be dismissed because the factual allegations in the complaint do not suggest the violation of a federal right.

Even liberally construing the complaint in McIntyre's favor, the allegation that the Library defendants failed to document the car accident incident and provide McIntyre with a report does not suggest that she was deprived of any federal civil right. McIntyre fails to state a plausible § 1983 civil rights claim upon which relief may be granted, and the Library defendants' motion for judgment on the pleadings with respect to plaintiff's § 1983 civil rights claim is granted.

**State Law Claims**

McIntyre asserts a number of state law claims, including intentional infliction of emotional distress, libel, slander, defamation, and child endangerment. *Id.* ¶ 13. For the reasons discussed above, McIntyre's federal claims against all defendants are dismissed. On the face of the complaint, it appears that diversity jurisdiction pursuant to 28 U.S.C. § 1331, which requires complete diversity between McIntyre and all defendants, is lacking.

The Court's supplemental jurisdiction over state law claims is governed by 28 U.S.C. § 1367(c). That statute contains an express provision permitting the Court to decline supplemental jurisdiction over state law claims when the Court has dismissed all of the claims over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(3). Generally, the Court should exercise its discretion and decline to hear the state law matters when the federal law claims are dismissed before trial. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724-26 (1966).

Having dismissed all of plaintiff's federal claims, and seeing no other basis for federal jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, McIntyre's state law claims are dismissed without prejudice.[6]

**CONCLUSION**

For all of the foregoing reasons: (1) S.B.M.'s claims are dismissed without prejudice; (2) plaintiff's federal claims against defendants Marcia Brown, Shelly Ann McIntyre, Kelly McIntyre, Calvin McIntyre, and the City of Warrensville Heights Police Department are dismissed pursuant to *Apple v. Glenn*; (3) the dispositive motions of the City of Shaker Heights, the Cleveland Heights defendants, the Motorist defendants, the Library defendants, and St. Vincent Charity Medical Center are granted as to plaintiff's federal claims; (3) plaintiff's state law claims are dismissed without prejudice; and (4) the dispositive motions of the City of Shaker Heights, the Cleveland Heights defendants, the Motorist defendants, the Library defendants, and St. Vincent Charity Medical Center with respect to plaintiff's state law claims

---

[6] The Court granted the moving defendants' dispositive motion with respect to McIntyre's federal claims. Because the Court has declined to exercise supplemental jurisdiction over plaintiff's state law claims, the moving defendants' dispositive motions as to plaintiff's state law claims are moot and denied as such without prejudice.

are moot and denied as such without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 2/11/19